ANGEL MANUEL DÍAZ, Petitioner and Appellee, *v.* MUNICIPAL ASSEMBLY OF CIDRA, Respondent and Appellant.

No. 6012.   Argued June 24, 1932.—Decided July 7, 1932.

*C. Domínguez Rubio* and *F. Navarro Ortiz* for appellant.   *Luis F. Camacho* and *Angel M. Díaz* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The Municipal Assembly of Cidra, on September 1, 1931, at a special meeting called to consider the budget and other matters, decided that in order to balance the budget without reducing the salaries of lesser employees it was best to consolidate the offices of mayor and director of charities, and to that effect it adopted an ordinance, section 1 of which reads as follows:

"The offices of mayor and director of charities are hereby consolidated into a single office designated as Mayor and Director of Charities."

Said ordinance was submitted to the mayor for his approval and he refused to approve it stating the reasons for his action. The Municipal Assembly of Cidra, at a special session held on September 17, 1931, after considering the objections made by the mayor, decided to take a vote on said ordinance, which was approved, four members of the assembly voting in favor of it and two against it.

The Mayor of Cidra, Mr. Angel Manuel Díaz, petitioned the District Court of Guayama for a writ of certiorari to review the action of the Municipal Assembly of Cidra in adopting said ordinance, and it was urged that the same was illegal and void.

The District Court of Guayama issued the writ sought and subsequently rendered judgment declaring null and void the ordinance consolidating the offices of mayor and director of charities, approved by the Municipal Assembly of Cidra on September 1, 1931, and ratified on the 17th day of the same month.

From said judgment the municipal assembly appealed.

Appellant claims that the lower court erred: First, in decreeing the nullity of the ordinance consolidating the office of Mayor of Cidra with that of director of charities on the ground that, as the subject dealt with in said ordinance did not appear in the call for the special session, action could not be taken on such subject not included in the call; and, second, in declaring in its judgment that the office of Mayor of Cidra, in view of the special circumstances of this case, could not be consolidated.

We will discuss first the assignment of error which relates to the holding of the lower court that the office of mayor can not be consolidated with that of director of charities. The mayor is a public officer elected by the people. Section 29 of the Municipal Law provides that the mayor shall be elected by popular vote in the same manner provided by law for the

election of the members of the municipal assembly and shall have the same qualifications as the latter. Section 18 of said law reads thus:

"That to be eligible as a member of the municipal assembly it shall be necessary to be a citizen of the United States; of legal age; a resident and qualified voter of the municipality; to have resided in the municipality for a period of not less than one year; to know how to read and write; not to have served any sentence for a felony or for any other offense involving moral turpitude, nor to have been removed from any public office for delinquency or immoral conduct."

These are the only requisites demanded of a candidate for the office of mayor or of member of the municipal assembly. Any citizen with these qualifications is eligible. The municipal assembly lacks power to add requisites which the law does not prescribe. The qualified voters, when it is a question of filling the office of mayor by popular vote, as well as the members of the assembly themselves, when a vacancy in that body is to be filled, must have absolute freedom to elect any candidate having the qualifications required by law.

Section 28 of the Municipal Law authorizes the municipal assembly to consolidate offices when a majority of all its members so decides, and provides that the office of director of charities, whether consolidated or not, shall always be filled by a physician and surgeon authorized to practice his profession in Puerto Rico. If it were permitted to consolidate the offices of mayor and director of charities, the incumbent appointed to fill the office resulting from such consolidation, would necessarily have to be a physician and surgeon because the law expressly requires it where the office of director of charities is consolidated with any other. If the ordinance approved by the Municipal Assembly of Cidra is valid and effective on election day, the voters of Cidra would have to elect a physician and surgeon as mayor. If the voters disregard the ordinance and elect a citizen who is not a physi-

cian and surgeon, there would be a violation of the Municipal Law which provides that the office of director of charities, whether consolidated or not, shall be held by a physician and surgeon. The municipal assembly can not restrict itself, nor can it impose limitations on the voters. In the instant case the asssembly was forced to accept a physician and surgeon for the office resulting from the consolidation. It could not elect a citizen who was not authorized to practice as a physician and surgeon. The qualifications required to make a person eligible for the office of mayor are the only requirements that the assembly can impose to fill the office when a vacancy occurs. It can not impose further limitations. From this reasoning, it is obvious that the Legislature did not intend to authorize the municipal assembly to consolidate the office of mayor with that of director of charities. It can not be supposed that the lawmaker had the intention of authorizing the municipal assembly to deprive a mayor of his office, as was done in this case, by consolidating offices. This would be the inevitable result, whenever said offices are consolidated and the mayor is not a physician and surgeon authorized to practice his profession. The ordinance approved by the Municipal Assembly of Cidra is, therefore, null and void.

Said assignment of error having been thus disposed of, it is unnecessary to determine whether or not the consolidation of offices was included in the call issued by the mayor for a special meeting of the assembly. Even if the consolidation of offices had been one of the matters to be considered, the assembly would not have been authorized to consolidate the offices of mayor and director of charities.

For the reasons stated, the judgment appealed from is affirmed, and the ordinance approved by the Municipal Assembly of Cidra on September 1, 1931, and ratified on September 17 of the same year, consolidating the offices of mayor and director of charities, is declared null and void.